UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

Tyrone Govan,

                                       Plaintiff,                  Complaint

    -against-                                      CIVIL ACTION
                                                19CV8830

City of Mount Vernon, Detective Sergeant Sean Fegan, Detective
Camilo Antonini, Shield #111,  Police Officer Robert Puff,         <u>Jury Demand</u>
 Shield #2154, Police Officer Patrick King, Police Officer
 "John" Valente, Shield #2059,

                                   Defendants.

_____X

       **NOW COMES** the Plaintiff, **Tyrone Govan**, by and through his  attorney, **D. andrew Marshall, Esq.** for his Complaint against the Defendants, respectfully shows to this Court and allege:

## Preliminary Statement

1.     This is a civil rights action in which the Plaintiff seeks relief for the Defendants' violations of his rights, privileges and immunities secured by Title 42 of the United States Code §1983, the First, Fourth, Ninth, and Fourteenth Amendments to the Constitution of the United States, the Constitution of the State of New York, as well as the Charter, rules, regulations and ordinances of the City of Mount Vernon.

2.     Plaintiff also assert supplemental state law tort claims.

3.     Plaintiff seeks compensatory damages, punitive damages and attorney's fees for violations and deprivations of his civil and constitutional rights, privileges and immunities by the Defendants, their agents, servants and employees while

1

acting under color of law in the course and scope of their employment and service as Mount Veron police officers.

4.  Alternatively, if, the individual Defendant Police Officers were not acting under color of state law in the course and scope of their employment, agency and service, they were negligently acting beyond the scope of their duty as police officers.

5.  Plaintiff was stopped, searched and seized in violation of his constitutional rights, privileges and immunities against unreasonable searches and seizures by the Defendants, members of the Mount Vernon  Police Department, (hereinafter "MVPD").

6.  The Defendants City of Mount Vernon, hereinafter, "**Defendant Mount Vernon,**" operating through and in conjunction with  MVPD, have implemented and continue to conduct, enforced sanction a dubious arrest policy which has results in a pattern and practice of disparate illegal stops, seizures, questioning, searches, unreasonable use of force, false arrests and malicious prosecution of its citizens.

7.  Under the arrest practices, MVPD officers, including without limitation Detective Sergeant Sean Fegan, Detective Camilo Antonini, Shield #111and Police Officer Robert Puff, Shield #2154 indiscriminately violate citizen's rights, privileges and immunities, *inter alia*, against unreasonable searches and seizures.

8.  Under the arrest practices, MVPD officers are incentivized by the prospect of overtime pay and other financial and non-financial rewards.

2

9.    Under the arrest practices, the precincts can pad their crime statistic and justify larger budgets and other incentives.

10.   Defendant Mount Vernon and MVPD also discriminatorily acquiesce in, ratify, and fail to monitor or rectify MVPD officers' widespread unlawful practices.

11.    As a result, low and moderate-income persons of color, like Plaintiff Govan are targeted and deprived of their rights, privileges and immunities.

12.   The decision to enforce the patrol policy and arrest practices in this disproportionate way is not explained or justified by underlying crime levels.

13.    The mandate of the MVPD is to safeguard community members from crime by providing security and otherwise delivering police services.

14.    Plaintiff Govan is not provided protection on the same terms as other community members, rather he and those similarly situated are subject to, without limitation, unfounded stops, seizures, questioning, searches and arrests, excessive force and retaliation.

15.    As a result of the Defendants' acts and omissions, Plaintiff Govan suffered damages, including without limitation, deprivation of his rights, privileges and immunities, as well as physical, emotional, mental and psychological injuries and damages.

16.    The Defendants herein are collectively and individually responsible for the deprivation of rights, privileges and immunities and other damages visited upon Plaintiff Govan.

## Jurisdiction

17.   Jurisdiction is founded upon the existence of a Federal Question.

3

18.    Jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), which confers jurisdiction in actions authorized by 42 U.S.C. § 1983 against Defendants acting under color of state law, statute, ordinance, regulation, custom or usage.

19.    The amount in controversy exceeds, exclusive of interest and costs, the sum or value of seventy-five thousand dollars ($75,000.00).

## Venue

20.    Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this district.

## Jury Demand

21.    Plaintiff demands a trial by jury in this action.

## Notice Of Claim

22.    Within ninety days after claim arose, Plaintiff filed a  Notice of Claim upon Defendant Mount Vernon by delivering copies of the notices to the person designated by law as a person to whom such claims may be served.

23.    The Notice of Claim was in writing, sworn to by Plaintiff and contained the name and address of the Plaintiff Govan.

24.    The Notices of Claim set out the nature of the claim, the time when and the place where and manner by which the claim arose, and the damages and injuries claimed to have been sustained by Plaintiff Govan.

25.    The City of Mount Vernon has neglected and failed to adjust the claims within the statutory time period.

4

<u>Parties:</u>

26.    Plaintiff Tyrone Govan, hereinafter "**Plaintiff Govan,**" is a citizen of the State of New York within the jurisdiction of this court.

27.    On March 1, 2018, at all times relevant and material to this case **Defendant Mount Vernon** was and still is a body corporate and politic, constituting a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

28.    **Defendant Mount Vernon** is authorized under the laws of the State of New York to maintain, operate, and govern the MVPD, its precincts, and personnel, all of whom act as Defendant Mount Vernon 's agent and for which Defendant Mount Vernon is ultimately responsible.

29.    On March 1, 2018, at all times relevant and material to this case the Defendant Mount Vernon, its departments, agents, servants, and employees were charged with, including without limitation, hiring, training, retraining, directing, supervising, investigating, disciplining, overseeing, appointing, and promoting it officers, supervisors, and staff in their employ, including but not limited to the individual Defendant Police Officers herein.

30.    On March 1, 2018, at all times relevant and material to this case Defendant Detective Camillo Antonino, MVPD, hereinafter, "**Defendant Det. Antonino**" was employed by Defendant Mount Vernon and MVP at  2 Roosevelt Square N., Mount Vernon, NY 10550, County of Westchester and State of New York as a police officer. He is sued in his individual and official capacities.

5

31.   On March 1, 2018, at all times relevant and material to this case Defendant
      Police Officer Robert Puff, Shield #2154,  hereinafter "**Defendant P.O. Puff**,"
      was employed by Defendant Mount Vernon and MVPD at was employed by
      Defendant Mount Vernon and MVP at  2 Roosevelt Square N., Mount Vernon,
      NY 10550, County of Westchester and State of New York as a police officer. He
      is sued in his individual and official capacities.

32.    On March 1, 2018, at all times relevant and material to this case Defendant Sgt.
      Sean Fegan, hereinafter "**Defendant Det. Sgt.  Fegan**" was employed by
      Defendant Mount Vernon and MVPD at 2 Roosevelt Square N., Mount Vernon,
      NY 10550, County of Westchester and State of New York as a police officer with
      the rank of sergeant and first-line supervisory responsibilities duties. He is sued
      in his individual and official capacities.

33.   On March 1, 2018, at all times relevant and material to this case Defendant
      Patrick King, hereinafter "**Defendant King**," was employed by Defendant
      Mount Vernon and MVPD at 2 Roosevelt Square N., Mount Vernon, NY 10550,
      County of Westchester and State of New York as a police officer. He is sued in
      his individual and official capacities.

34.   On March 1, 2018, at all times relevant and material to this case Defendant
      Police Officer "John" Valente, Shield #2059, MVPD, hereinafter, "**Defendant
      P.O. Valente, Shield #2059**" was employed by Defendant Mount Vernon
      and MVP at  2 Roosevelt Square N., Mount Vernon,  NY 10550, County of
      Westchester and State of New York as a police officer. He is sued in his
      individual and official capacities.

35.    Upon information and belief, Defendant Mount Vernon and MVPD remain the public employer of the named defendant police officers.

36.    As used herein, the term "police officer" is intended to refer to MVPD officers in the general and not to any specific rank, title, or position.

37.    Defendants Doe 1-3 were employed by Defendant Mount Vernon as police officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.

38.    At all relevant times, the individual Defendant Police Officers were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## Statement of Facts

39.    This action arose out of a continuous incident that began on March 1, 2018, at around 6:15  p.m. in the vicinity of 114 North 5th Avenue, City of Mount Vernon, State of New York, hereinafter, "the subject premises.".

40.    On March 1, 2018, Plaintiff Govan was the target and subject of a controlled narcotics purchase at the subject premises.

41.    Plaintiff Govan arrived by motor vehicle.

42.    Plaintiff Govan parked and exited the vehicle.

43.    Plaintiff Govan was met by Baki Asad and the two proceeded up a set of stair leading to a glass-enclosed patio attached to the subject premises;  Mr. Asad led and Plaintiff Govan followed.

7

44. As Plaintiff Govan was ascending the said stairs, he turned to see two male individuals in hooded sweaters lingering and then rapidly approaching the stairs to the subject premises.

45. As Plaintiff Govan approached the top of the stairs, he heard the distinct sound of feet running up the same stairs that he was on.

46. Plaintiff Govan then ran on to the patio and into the foyer, closely followed by an unknown number of individuals.

47. Plaintiff Govan, fearful for his life, used his body to barricade the door between the patio and the foyer of the subject premises.

48. As Plaintiff Govan struggled with and yelled at the then unidentified individuals, Mr. Asad remained stationary and quiet in the foyer.

49. The individuals continued to withhold their identities as they pushed to get into the foyer.

50. In the midsts of the encounter, Plaintiff Govan heard the sound of blunt force against the glass encasing the patio followed by a crashing sound.

51. In the midst of the encounter, Plaintiff Govan demanded of Mr. Asad whether he knew the individuals pursuing him to which he responded they were the police.

52. Plaintiff Govan then and there released the door to see Defendant Det. Antonini and Defendant P.O. Puff.

53. Although Plaintiff Govan had then and there ceased all defensive, offensive or evasive actions, Defendant Det. Antonini struck Plaintiff Govan in left side of his head with a closed gloved fist.

8

54.    The said punch immediately dropped Plaintiff Govan to the floor of the foyer inside of the subject premises.

55.    While Plaintiff Govan was on the floor of the foyer inside of the subject premises he was kicked with shod feet in his face and hit with closed fists.

56.    The blunt force of the shod feet and closed fists resulted in serious and permanent damages, injuries and disfigurement to Plaintiff Govan.

57.    The Defendants knew or had reason to know that they lacked probable cause to use the level of force against  Plaintiff Govan.

58.    Plaintiff Govan was rear-cuffed and thereafter removed from the foyer to the patio of the subject premises.

59.    Plaintiff Govan, although under arrest,  was thereafter taken to a nearby hospital where he was treated for serious physical injuries, medicated and released to the custody of the Defendants.

60.    A search of Plaintiff Govan's person and property for contraband had negative results.

61.    The Defendants thereafter reconvened and crafted a narrative to circumvent truth and justice.

62.     The Defendants' acts and omissions thereafter continued at the MVPD  where Plaintiff Govan was falsely charged with multiple offenses in violation of his rights, privileges, and immunities.

63.    The incident thereafter continued in the Mount Vernon  Criminal Court where based upon the Defendants'  false allegations, Plaintiff Govan was arraigned and formally charged with violating the laws of the State of New York.

64. The Defendants falsified documents in furtherance of Plaintiff Govan's arrest and prosecution.

65. The Defendants agreed to create a narrative implicating Plaintiff Govan in criminality to initiate legal process against him to earn overtime pay or other impermissible reasons.

66. The Defendants did earn overtime pay in connection with the arrest of Plaintiff Govan.

67. Defendant Det. Sgt. Fegan approved the defendant police officers' overtime pay stemming from Plaintiff Govan's arrest.

68. At all times relevant and material to this case Defendant Det. Sgt. Fegan was present at the scene of the assault but failed to adequately supervise Defendant Det. Antonini and Defendant P.O. Puff in connection with Plaintiff Govan's arrest and prosecution.

69. At all times herein, the individual Defendants had no cause, let alone probable cause to exercise the level of force against Plaintiff Govan.

70. Their actions were based on malice and bad faith and were supported by the false statements made by the Defendants under oath.

71. The conduct of the individual Defendants in restraining, arresting, striking, threatening and prosecuting the Plaintiff proximately caused physical, emotional and financial injury to him, as well as serious physical and emotional pain and suffering, mental anguish, shock, fright, physical pain, humiliation, embarrassment trauma, debasement and deprivation of his constitutional rights.

72. At all times relevant herein, the individual Defendants acted intentionally,

10

willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to the Plaintiff's rights and physical and mental well-being.

73.   The actions of the individual Defendants, as set forth herein, were the result of the failure of Defendant Mount Vernon and the MVPD's failure to properly train, supervise and discipline its officers, including Defendant Det. Antonini, Defendant Puff, and all other named defendant police officers.

74.   The Defendant City of Mount Vernon and the MVPD's failure to train, supervise and discipline is a consequence of the deliberate policies and practices of the Defendant Mount Vernon and the MVDP.

75.   These policies and practices are in part responsible for the unconstitutional, wrongful, deliberate, malicious, negligent, careless and intentional actions of the individual Defendants.

76.   At all relevant times herein, Defendant Mount Vernon, acting through its MVPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's rights, privileges, and immunities.

77.   At all relevant times herein, Defendant Mount Vernon's policies, practices, and/or customs caused the violation of Plaintiff's rights, privileges, and immunities.

78.   The Defendants' unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff Govan of his rights, privileges, and immunities.

79.   Alternatively, the Defendants acted with deliberate indifference to the constitutional rights of Plaintiff Govan.

11

80.   The constitutional abuses and violations by Defendant Mount Vernon, through the actions of its MVPD and all other named Defendant police officers, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant Mount Vernon, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendants; (b) to properly and adequately monitor and discipline its officers, including Defendants; and (c) to adequately and properly investigate citizen complaints of police misconduct, instead, acts of misconduct were tolerated by Defendant Mount Vernon.

81.   Upon information and belief, Defendant Mount Vernon has, acting through its MVP, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of using excessive force against its citizens.

82.   As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff Govan's constitutional rights have been violated which has caused him to suffer physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## Plaintiff Govan's Injuries and Damages

83.   As a direct and proximate consequence of the Defendants' conduct:

   a.   Plaintiff Govan  was deprived of his rights, liberties, immunities, and privileges in violation of his federal and state constitutional rights;

   b.   Plaintiff Govan sustained serious physical injuries, endured pain and suffering, mental anguish, psychological impairment, and;

12

c.  Plaintiff Govan incurred other items of attendant damages.

**First Cause of Action**
**Civil Rights Action 42 USC §1983:**
**Fifth, Ninth and Fourteenth Amendments By Plaintiff Govan**
<u>**Against All Defendants**</u>

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further allege:

84.  The acts of the individual Defendants were effected under the color of state law.

85.  The police actions taken against Plaintiff by the Defendants were undertaken without lawful justification, taken with deliberate indifference to Plaintiff's rights, and were designed to, and did, cause serious bodily harm, pain, and suffering to the Plaintiff in violation of his  Constitutional rights as guaranteed by the Fifth, Ninth, and Fourteenth Amendments of the United States Constitution.

86.  Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

87.  Plaintiff Govan has fear and apprehension that they will, again, be subject to similar unlawful acts by Defendants.

88.  As a direct and proximate result of the Defendants' unlawful actions, Plaintiff suffered and will continue to suffer, damages including, physical, mental and

emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

89.    As a result of the foregoing, Plaintiff Govan is entitled to actual, general, special, compensatory and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988

Second  Cause of Action
Civil Rights Action 42 USC §1983:
Fourth and Fourteenth Amendments By All Plaintiff Govan
<u>Against All Defendants</u>

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further allege:

90.     By their conduct, as described herein, and acting under color of state law to deprive the Plaintiff Govan of his rights to be free from excessive force in the course of an arrest as required by the Fourth and Fourteenth Amendments, the individual Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation under color of state law of rights secured under the United States Constitution.

91.    As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered and will continue to suffer, damages including, physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

92.    The Defendant Police Officers, by reasonable diligence, could have prevented the said wrongful acts and omissions from being committed.

14

93.   The Defendant Police Officers, by reasonable diligence, could have mitigated Plaintiff Govan's damages had they exercised their duty to intervene in the face of police misconduct.

94.   The Defendant Police Officers conduct violated 42 U.S.C. §1983.

95.   As a result of the foregoing, Plaintiff Govan is entitled to actual, general, special, compensatory and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

### Third Cause of Action
### Civil Rights Action 42 USC §1983:
### Refusing or Neglecting to Prevent

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

96.   At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendant Det. Sgt. Fegan and Defendant Mount Vernon.

97.    Acting under the color of law and pursuant to the official policy or custom of the Defendant Mout Vernon, Defendant Det. Sgt. Fegan  knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers in their duty to refrain from:

  a.  Assaulting, battering and utilizing excessive force  against  Plaintiff and other citizens in connection with a search and seizure;

15

b. Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff and other citizens  by the Constitution and the laws of the United States and the law of the State of New York, and;

c. Otherwise depriving Plaintiff and other citizens of their constitutional and statutory liberties, rights, privileges, and immunities.

98. Those individual Defendant Police Officers that were present but did not actively participate in the aforementioned unlawful conduct, observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene, mitigate or stop the events alleged herein.

99.  Those individual Defendant Police Officers that were present but did not actively participate in the aforementioned unlawful conduct, failed to, *inter alia*, report the unlawful conduct alleged herein to supervisors.

100.  Those individual supervising Defendant Police Officers who were present but did not actively participate in the aforementioned unlawful conduct, failed to investigate, sanction, or discipline any participant.

101.  As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

102.  As a result of the foregoing, Plaintiff Govan is entitled to actual, general, special, compensatory and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

## Fourth Cause of Action
## Malicious Abuse of Process

16

Plaintiff Govan, hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further allege:

103. The defendant police officers initiated legal process against Plaintiff.

104. The defendant police officers arrested Plaintiff to obtain collateral objectives outside the legitimate ends of the legal process, including without limitation, to obtain financial compensation, to obtain more arrests, to obtain more indictments, to obtain more convictions, and to obtain good-will within the MVPD hierarchy.

105. The Defendants acted with intent to do harm to Plaintiff Govan and to benefit themselves.

106. Defendant Sgt. Det. Fegan aided and abetted the defendant police officers.

107. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

108. As a result of the foregoing, Plaintiff Govan is entitled to actual, general, special, compensatory and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Fifth Cause of Action
<u>Supervisory Liability Under 42 U.S.C. § 1983</u>

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

17

109.  Defendant Det. Sgt. Fegan had direct first-line supervisory responsibilities with respect to the individually named the Defendant Police Officers.

110.  These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern and control the Defendant Mount Vernon and MVPD.

111.  Defendant Det. Sgt. Fegan was present in the field and at the precinct on the date and time of occurrence giving rise to this claim.

112.  At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendant Det. Sgt. Fegan and Defendant Mount Vernon.

113.  Defendant Det. Sgt. Fegan knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers in their duty as police officers.

114.  Defendant Det. Sgt. Fegan personally caused Plaintiff Govan's deprivations and damages by being deliberately indifferent to safeguarding the rights of Plaintiff Govan.

115.  Defendant Det. Sgt. Fegan personally caused Plaintiff Govan's deprivations and damages by failing to properly supervise their subordinate employees to safeguard the public from abuse.

116.  Defendant Det. Sgt. Fegan personally caused Plaintiff Govan's deprivations and damages by failing to properly supervise their subordinate employees regarding the adequate and proper marshaling of evidence.

18

117.    Defendant Det. Sgt. Fegan personally caused Plaintiff Govan's deprivations and damages by condoning the policy of arbitrary stopping, searching and seizing persons without probable cause, reasonable suspicion or legal basis.

118.    As a direct and proximate result of this conduct, Plaintiff sustained the damages herein alleged.

119.    As a result of the foregoing, Plaintiff Govan is entitled to actual, general, special, compensatory and punitive damages against the Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

## Sixth Cause of Action
## Municipal Liability

Plaintiff Govan hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

120.    Defendant Mount Vernon, and the MVPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to roving patrols, anti-crime, stop and frisk, use of force, strip searches, body cavity searches, reporting and investigating the use of force by staff, and provision and access to medical and other programs and services mandated by local law and court orders.

121.    Rather than adopt and enforce policies necessary to prevent constitutional violations, Defendant Mount Vernon, through its agents, has enforced, promoted, encouraged and sanctioned a policy, practice, and custom of roving

19

pedestrian checkpoints for general crime control and indiscriminate stops, searches, and seizures of persons absent objective and individualized criteria.

122.   Defendant Mount Vernon has enforced, promoted, encouraged and sanctioned a policy, practice, and custom of stopping, searching, questioning, and seizing individuals with excessive force.

123.   The stops, searches, and seizures with excessive force are invariably executed without the reasonable cause or probable cause as required by the Fourth Amendment to the United States Constitution or Article 1, §12 of the New York State Constitution.

124.   By sanctioning the arrest policy as practiced, Defendant Mount Vernon has unlawfully vitiated the rights, privileges, and immunities of a class or demographic segment within Mount Vernon.

125.   Defendant Mount Vernon has been deliberately indifferent to the impact and consequences of the patrol and arrest policy.

126.   Defendant Mount Vernon has been deliberately indifferent to enacting prophylactic measures to mitigate the impact and consequences of the vertical/interior patrol policy and trespass arrest practices.

127.   The Defendant Police Officers, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure or rule of Defendant Mount Vernon, and MVPD, but which is forbidden by the Constitution of the United States.

128.   These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices, and customs devised, implemented,

20

enforced, promoted, encouraged and sanctioned by Defendant Mount Vernon, including but not limited to: (a) the failure to adequately and properly, train, and supervise MVPD officers; (b) the failure to properly and adequately monitor and discipline MVPD officers; (c) the failure to adequately and properly screen and hire MVPD officers; (d)  the failure to rectify the MVPD's epidemic of baseless stops, seizures, questions, searches arrests and prosecutions, and; the failure to remove the financial incentive from making arrests.

129.   In addition, senior officials in the MVPD are aware of and tolerate certain practices by subordinate employees.

130.   Upon information and belief, the aforementioned practices constitute unwritten MVPD policies and customs because they are widespread, long-standing and deeply embedded in the culture of the agency.

131.   Defendant Mount Vernon through the MVPD has had, and still has hiring practices that it knows will lead to the hiring of police officers lacking the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

132.   Defendant Mount Vernon through the MVPD has had, and still has supervisory practices that it knows will lead to lax supervision of police officers whom lack the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

133.   Defendant Mount Vernon through the MVPD, has had, and still has disciplinary practice that it knows neither sufficiently deters nor adequately punishes police officers whom lack the qualifications to discharge their duties in accordance

21

with the Constitution of the United States and is deliberately indifferent to the consequences.

134.   Defendant Mount Vernon and MVPD through the MVPD, have a de facto policy that invites, *inter alia*, stops, searches, seizures with excessive force.

135.   Defendant Mount Vernon, through the MVPD, has de facto employee promotion policies and other financial and status incentives that encourage, *inter alia*, negligent investigations, the fabrication of evidence, false arrests, unlawful detentions, illegal searches, malicious prosecution, and perjury.

136.   Defendant Mount Vernon through the MVPD has de facto policies that encourage competition among employees which fosters, *inter alia*, improper manipulation of subordinates.

137.   Defendant Mount Vernon through the MVPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidations, cover-ups, medical neglect, and other misconduct and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

138.   Defendant Mount Vernon, at all relevant times, was aware that the individual Defendant Police Officers routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

139.   The Defendant Mount Vernon failed to properly and adequately investigate prior complaints filed against the Defendants.

22

140.   Defendant Mount Vernon, through the MVPD, at all relevant times, was aware that the individual Defendant Police Officers were unfit officers who have previously committed the acts alleged herein and have a propensity for unconstitutional conduct.

141.   The Defendant Mount Vernon, through a policy, practice, and custom, directly and proximately caused Plaintiff' deprivations and damages.

142.   Nevertheless, the Defendant Mount Vernon exercised deliberate indifference by failing to take remedial action.

143.    The existence of the aforementioned customs and practice may be inferred from repeated occurrences of similar wrongful conduct as documented in the civil rights actions filed against Defendant Mount Vernon including but not limited to the following cases:

   a.   Schoolcraft v. City of Mount Vernon,  10CV6005(RWS)(USDC SDNY), (police officer who exposed a precinct's policies  and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a psychiatric facility in retaliation for exposing said policies and practices to the press);

   b.   Long v. City of Mount Vernon,  09CV60990(AKH) (USDC SDNY); People v. Pogan, 6416-2018 (Sup. Ct. NY Co.) (police officer who purportedly swore out a false complaint and used excessive force is convicted of falsifying police records and was prosecuted for recklessly using physical force, the plaintiff was engaged in expressive conduct

23

when he was as salted by the office); (police officer at the 24th precinct issues four (4) summonses to a woman for her lodging a complaint against him with the Civilian Complaint Review Board at the precinct)

   c.  <u>Colon v. City of Mount Vernon,</u> (09CV0008) (USDC, EDNY); (police officers fired for falsifying evidence);

   d.  <u>Taylor-Mickins v. City of Mount Vernon,</u> 09CV7923(RWS)(USDC SDNY);

   e.  <u>Davis v. City of Mount Vernon,  et al</u>., 10 CV 699 (USDC SDNY) (SAS) (Defendants MOUNT VERNON  and MOUNT VERNON HA settled this class-action suit that changed MVPD's vertical patrol policy and practice of routine, stops and arrests of such persons in a racially discriminatory manner and without sufficient evidence of wrongdoing.)

   f.  <u>Floyd, et al v. City of Mount Vernon,</u> (08 CV. 1034) (USDC SDNY) (SAS)

144.   In addition, the following are City policies, practices and customs:

   a.  Falsely arresting innocent individuals, based on a pretext, in order to meet productivity goals;

   b.  Falsely swearing out criminal court complaints and lying and committing perjury during sworn testimony in order to protect other officers and to meet productivity goals;

   c.   Fabricating evidence against individuals;

   d.  Using and threatening the use of excessive force on individuals;

24

e. Retaliating against individuals who engage in free speech;

f. Ignoring the constitutional rights of the general public;

g. Ignoring the constitutional rights of the persons in their care and custody;

h. Use force in an unreasonable, unnecessary, unjustified and excessive manner;

i. Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

j. Inadequately and improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

k. Tolerating acts of brutality;

l. IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

m. Having policies that operate to insulate police officers who engage in criminal or other serious official misconduct for detection, prosecution, and punishment, and are maintained with deliberate indifference

n. Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence" which has become ingrained in the Defendants so to constitute a policy of Defendant Mount Vernon and MVPD;

25

o.   Rewarding rogue-like behavior with financial compensation;

p.   Failing to intervene to prevent the above practices.

145.   As a result of the foregoing, Plaintiff Govan is entitled to actual, general, special and compensatory damages against the defendant Mount Vernon, attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Seventh Cause of Action
Pendant New York State Claim for
Negligence in the Performance of Duties

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, further allege:

146.   That the Defendants negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officers would have used under similar circumstances.

147.   That the Defendants were negligent, careless and reckless in the manner that they operated, controlled and maintained their agents, servants, and employees; and in that the Defendants, their agents, employees, and servants were otherwise negligent, careless, and reckless.

148.   That the aforesaid occurrence were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of the Plaintiff Govan.

149.  That by reason of the aforesaid, the Plaintiff Govan was injured, incapacitated and prevented from her usual vocation and will, upon information and belief, be so incapacitated in the future, still suffers and will continue to suffer mental pain, and the Plaintiff have been otherwise damaged.

150.  As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Eighth Cause of Action
Pendant New York State Claim for
Negligence in Training and Supervising

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

151.  That the Defendant Mount Vernon, their agents, servants, and employees, were negligent, careless and reckless in the training, supervision, direction, control, appointment and promotion of their agents, servants, and employees.

152.  That the Defendant Mount Vernon and the MVPD, their agents, servants, and employees failed to train their employees to control their tempers and exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent Police Officers.

153.  That the Defendant Mount Vernon and the MVPD, their agents, servants, and employees failed to give their employees proper instruction as to their department, behavior, and conduct as representatives of their employer; and, in

27

that the Defendants, their agents, servants, and employees were otherwise reckless, careless and negligent.

154. That the aforesaid occurrences were caused wholly and solely by reason of the negligence of the Defendant Mount Vernon its agents, servants and employees without any negligence on the part of Plaintiff Govan.

155. That the mistreatment and abuse of the Plaintiff as set forth above was the reasonably foreseeable consequence of said Defendants' negligent conduct.

156. As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Ninth Cause of Action:
Pendant New York State Claim for
<u>Negligent Hiring and Retention</u>

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

157. The Defendant Mount Vernon was careless and reckless in hiring and retaining as and for its employees, the abovenamed individuals.

158. The Defendant Mount Vernon knew or had reason to know that the said Defendants lacked the experience, deportment, and ability to be employed by Defendant Mount Vernon.

159.  The Defendant Mount Vernon failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant employees who

28

lacked the mental capacity and the ability to function as employees of
Defendant Mount Vernon.

160.    That Defendant Mount Vernon failed to investigate the above-named
Defendant's background and in that, they hired and retained as employees of
their Police department individuals whose backgrounds contained information
(based on information and belief) that revealed said Defendant lacked the
maturity, sensibility, and intelligence to be employed by Defendant Mount
Vernon.

161.    The aforesaid occurrence was caused wholly and solely by reason of the
negligence of Defendant Mount Vernon, its agents, servants, and employees
without any negligence on the part of the Plaintiff.

162.    As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages,
and punitive damages against the individual Defendants, and attorney's fees,
costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

## Tenth Cause of Action
## Pendant New York State Claim Conspiracy

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation
contained above with the same force and effect as if more fully set forth herein,
and further allege:

163.    As set forth above, the defendant police officers conspired with and amongst
one another to deprive Plaintiff Govan of his rights, privileges, and immunities
secured to them by federal and state laws.

29

164.   As a result of the aforementioned, Plaintiff suffered a deprivation of rights, privileges, and immunities.

165.   As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Eleventh Cause of Action
Pendant New York State Claim
Violation of NY Constitution and Statutes

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

166.   Defendants have applied the executed stop, search and seizures with excessive force practices in an intentionally discriminatory and race-based manner.

167.   Defendants have focused enforcement of stop, search and seizures practices in African-American and Latino communities.

168.   Defendants have targeted low to moderate-income communities of color.

169.   Defendant Mount Vernon has acquiesced in, ratified, and failed to address widespread violations of the constitutional rights of Plaintiff and those similarly situated to be free from unreasonable searches and seizures, because of their race.

170.   These constitutional abuses were and are directly and proximately caused by policies, practices, and customs devised, implemented, enforced, encouraged, and sanctioned by Defendant Mount Vernon, including (a) targeted implementation of sweeps, roving arrests and otherwise  in communities of

30

color; (b) the discriminatory failure to adequately and properly screen, train, support, and supervise MVPD officers in artificially designated "high-crime areas' where said arrest predominately occur; and (c) the discriminatory failure to adequately and properly monitor and discipline the MVPD officers.

171.   By reason of the allegations contained herein, Plaintiff was deprived by of his rights, privileges, and immunities, as guaranteed to them by the Constitution and statutes of the State of New York and the Charter, rules, and regulations of Defendant Mount Vernon.

172.   The Defendants' conduct manifested deliberate indifference to Plaintiff's constitutional rights, for which all Defendants are liable.

173.   Defendant Mount Vernon has enforced, promoted, encouraged and sanctioned a policy, practice, and custom of stop, search and seizure without the reasonable articulable suspicion of criminality required by the Constitution and laws of the State of New York.

174.   These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices, and customs devised, implemented, enforced, promoted, encouraged and sanctioned by Defendant Mount Vernon.

175.   As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Twelveth Cause of Action
Pendant New York State Claim Violation Of
Negligent and Intentional Infliction

## of Emotional Distress

Plaintiff Govan  hereby repeats, reiterates and re-alleges each  allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

176.   The aforesaid acts of the Defendants, their agents, servants, and employees, acting individually and in conjunction with the other Defendants, were intentional, malicious and excessive, and served no reasonable or legitimate interest.

177.   The Defendants' intentional, reckless and negligent infliction of emotional distress constituted misconduct of an egregious and outrageous nature that exceeds all bounds usually tolerated by society and unreasonably endangered Plaintiff Govan's physical safety.

178.   As a result of the foregoing, Plaintiff Govan suffered severe and serious physical and psychological and emotional injuries.

179.   As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

## Thirteenth Cause of Action:
## Pendant New York State Claim Violation Of
## Negligence

Plaintiff Govan  hereby repeats, reiterates and re-alleges each  allegation contained in the proceeding paragraphs with the same

force and effect as if more fully set forth herein, and further allege:

180. As set forth above, Defendants, their agents, servants, and employees were negligent and the actual and proximate cause of injuries and damages suffered by Plaintiff Govan.

181. Defendants owed a duty of reasonable care to Plaintiff Govan.

182. Defendants breached their duty of care to Plaintiff Govan.

183.  As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

184. As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Fourteenth Cause of Action:
Pendant New York State Claim
<u>Respondeat Superior</u>

Plaintiff Govan  hereby repeats, reiterates and re-alleges each  allegation contained above with the same force and effect as if more fully and at length set forth herein and further allege:

185. Defendant Mount Vernon and MVPD assume the risk incidental to the maintenance of its agents, assignees, employees, servants, or officers of as said risks attach to the consumers of the services provided by the Defendants.

186. Inasmuch as the defendant officers were acting for, upon, and in furtherance of the business of their employer(s) and within the scope of their employment, Defendant Mount Vernon and MVPD are liable, jointly and severally, under the doctrine of respondeat superior for the tortuous actions of same.

33

187.   As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Fifteenth Cause of Action:
Pendant New York State Claim
Failure to Protect and Intervene

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same

force and effect as if more fully set forth herein, and further allege:

188.   All Defendants, their agents, servants, and employees owed a duty to care and protect Plaintiff while he was in their custody, control, and care.

189.   As set forth above, all Defendants failed to protect Plaintiff from known and dangerous harm.

190.   Those individual Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate and stop the events alleged herein, and failed to, inter alia, report the unlawful conduct alleged herein to supervisors; investigate, sanction, and discipline and participant.

191.   As set forth above, Defendants failed to intervene, mitigate and stop the events alleged herein.

192.   All Defendants failed to report the unlawful conduct alleged herein to supervisors.

34

193. The Defendant Mount Vernon and MVPD, their agents, servants, and employees failed to investigate, sanction, and discipline any of the defendant officers for their aforesaid unlawful conduct.

194. Due to the Defendants' failure to protect the Plaintiff, the Plaintiff sustained damages.

195. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

196. As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. § 1988.

Sixteenth Cause of Action
Pendant New York State Claim
<u>Prima Facie Tort</u>

Plaintiff Govan  hereby repeats, reiterates and re-alleges each allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein and further allege:

197. The aforementioned acts and omissions of the Defendants, their agents, servants, and employees, directly and proximately caused harm to be inflicted upon Plaintiff Govan.

198. As a result of the foregoing, Plaintiff suffered injuries.

199. As a result of the foregoing, Plaintiff Govan is entitled to compensatory damages, and punitive damages against the individual Defendants, and

attorney's fees, costs, expert's fees, and disbursements pursuant to 42 U.S.C. §
1988.

<u>Prayer for Relief</u>

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant
as follows:

a)  General and compensatory damages against all Defendant, jointly and
    severally;

b)  Punitive damages in an amount sufficient punish individual Defendants
    and to deter others like them from repeating the same offenses, jointly and
    severally;

c)  Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

d)  Such other and further relief as this Court deems just and proper.

Dated:    New York, New York
          The 23rd day of September  2019

                                        /s/ D. Andrew Marshall
                                        _____
                                        D. Andrew Marshall, Esq.
                                        Attorney for the Plaintiff
                                        225 Broadway, Suite 1405
                                        New York, New York 10007
                                        (212) 571-3030 (office)
                                        (212) 587-0570 (facsimile)
                                        marshall.law4@verizon.net

36